```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


J&J SPORTS PRODUCTION, INC.                         CIVIL ACTION

v.                                                  NO. 18-4407

OUT IN THE COLD, INC.,                              SECTION "F"
KEVIN J. LEE, SR. AND GARY
C. HERTY
```

### ORDER AND REASONS

Before the Court is the defendants' motion to dismiss. For the following reasons, the motion is DENIED.

**Background**

J&J Sports Productions, Inc. is a distributor of closed circuit pay-per-view boxing and special events. It received the exclusive nationwide commercial distribution and broadcast rights to a boxing fight between Floyd Mayweather and Manny Pacquiao that took place on May 2, 2015. Out in the Cold, Inc., doing business as Pete's Out in the Cold, is a Louisiana Corporation owned by Kevin Lee and Gary Herty. Pete's Out in the Cold is a bar in New Orleans. On April 28, 2018, J&J sued Out in the Cold, Lee, and Herty, alleging that they unlawfully broadcast the boxing fight at Pete's without permission or paying the sublicense fee. On June 20, 2018, the defendants moved to dismiss the complaint on the basis that it is procedurally time barred.

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997)(quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)(citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." See Thompson v. City of Waco, Texas, 764 F.3d 500, 502 (5th Cir. 2014) (citing Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th Cir. 2012)(en banc)). But, in deciding whether dismissal is warranted, the Court will not accept as true legal conclusions. Id. at 502-03 (citing Iqbal, 556 U.S. at 678).

To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). The Court's task "is to determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." Thompson v. City of Waco, Texas, 764 F.3d 500, 503 (5th Cir. 2014)(citation omitted). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted)

(citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

II.

The plaintiff sued under two statutes, the Federal Communications Act, 47 U.S.C. § 151, *et seq*, and the Federal Wiretap Act, 18 U.S.C. § 2510, *et seq*. Count 1 is brought under Section 605 of the FCA, and Section 2511 in conjunction with Section 2520 under the FWA. Count 2 is brought under Section 553 of the FCA. Section 605 of the FCA provides a private right of action for the interception and publishing of radio communications. 47 U.S.C. § 605(a),(e)(3)(a). Sections 2511 and 2520 of the FWA provide a private right of action for the interception or reception for any wire, oral, or electronic communications. 18 U.S.C. §§ 2511, 2520. Lastly, Section 553(a)(1) of the FCA provides a private right of action for intercepting or receiving communications offered over a cable system. 47 U.S.C. § 553(a)(1). Two limitation periods are at play.

4

A.

The Fifth Circuit has held that the statute of limitations for an action brought under 47 U.S.C. §§ 553 and 605 of the FCA is three years. Prostar v. Massachi, 239 F.3d 669, 671 (5th Cir. 2001). Because the Federal Communications Act does not provide for a limitations period, the Fifth Circuit has borrowed from the Copyright Act. Id. It provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). "A copyright claim . . . arises or accrues when an infringing act occurs." Petrella v. Metro-Goldwyn-Mayer, Inc., 134 S. Ct. 1962, 1969 (2014). A lawsuit under the FCA is commenced when the complaint is filed. See id. at 1970. Because the alleged interception occurred on May 2, 2015, the FCA infringement claim "accrued" on May 2, 2015, starting the clock on the three-year limitations period. Accordingly, the plaintiff was required to commence the lawsuit by filing a complaint on or before May 2, 2018. The plaintiff did so, and filed the complaint on April 28, 2018. Because the plaintiff commenced the lawsuit before the statute of limitations ran, the claims under Sections 605 and 553 of the FCA are not time barred.[1]

---

[1] The defendants contend that the Court should ignore binding Fifth Circuit precedent, and instead embrace the holdings of other courts of appeals that apply a two-year limitations period. Alternatively, the defendants suggest that the Court look to state

5

B.

It is less clear if the claims brought under Sections 2511 and 2520 of the Federal Wiretap Act are outside of the limitation period. The Federal Wiretap Act provides that any person whose wire, oral, or electronic communications is intercepted must commence a civil action no later "than two years after the date upon which the claimant first has *a reasonable opportunity to discover the violation*." 18 U.S.C. § 2520 (emphasis added). Unlike the limitation period for Sections 605 and 553 of the FCA, which begins when the communication was illicitly intercepted regardless of whether the plaintiff knew about it, the Federal Wiretap Act's limitation period begins when the plaintiff had the opportunity to discovery the interception. The Fifth Circuit has held that this "limitation period begins to run once the plaintiff has enough notice as would lead a reasonable person to either sue or launch an investigation." <u>Pringle v. Schleuter</u>, 388 Fed. App'x 449, 450 (5th Cir. 2010).

The plaintiff sued the defendants nearly three years after the defendants allegedly broadcast the plaintiff's boxing program, on April 28, 2018. If the plaintiff had a reasonable opportunity to discover the alleged interception before April 28, 2016—two

---

law to determine the limitations period, despite the Fifth Circuit explicit rejection of that analysis. In doing so, the defendants fail to provide any reason as to why the Court should depart from binding precedent. The Court declines the defendants' invitation.

years before the complaint was filed—then the complaint was untimely. However, if it did not have a reasonably opportunity to discover the defendants' conduct until April 28, 2016 or after, the complaint was timely. The plaintiff does not allege when it learned of the interception,[2] and it failed to address it in its opposition. But a complaint can survive the pleading stages as long as it does not affirmatively indicate that it is outside the limitations period. Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003); Jaso v. Coca Cola Co., 435 Fed. Appx. 346, 351 (5th Cir. 2011)(unpublished)("[D]ismissal for failure to state a claim based on the statute of limitations defense should be granted only when the plaintiff's potential rejoinder to the affirmative defense was foreclosed by the allegations in the complaint."). If J&J had alleged in the complaint that it learned of the defendants' conduct before April 28, 2016, the Court would have grounds for dismissal of the claims brought under Sections 2511 and 2520 of the FWA because they would be outside of the statute of limitations. But the Fifth Circuit has precluded the dismissal of claims at the pleading stage merely because the plaintiff does not affirmatively plead that the claim is within the statute of limitations. Jaso, 435 Fed. Appx. at 351.

---

[2] The complaint does state that it had eyewitness accounts of the illicit publication of its program, but provides no information as to when it communicated with the witness.

7

Accordingly, IT IS ORDERED: that the defendants' motion to dismiss is DENIED.[3]

New Orleans, Louisiana, July 11, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] Both parties are advised to familiarize themselves with Louisiana Ethics Rule 3.3 requiring parties to disclose controlling legal authority known to be directly adverse to the party's position.